

WWW.RIVKINRADLER.COM

JOHN K. DIVINEY
PARTNER
(516) 357-3234
john.diviney@rivkin.com

January 22, 2016

**Via ECF**

The Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11272

    Re:    *Ezpino v. CDL Underground Specialists, Inc., et al*
             Docket No.: 14-cv-03173 (DRH) (SIL)

Your Honor:

    The law firm of Rivkin Radler, LLP represents Defendants CDL Underground Specialists, Inc., ("CDL") and Christopher Abruzzo (collectively "Defendants") in the above-captioned matter. Defendants respectfully request a pre-motion conference to address their intended motion, pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing Plaintiff Adolio Ezpino's ("Plaintiff") Complaint.

    CDL is a Long Island business that assists its customers with installation and maintenance of underground electric, gas, drainage, water and telecommunication conduits. Plaintiff, a former employee, claims that Defendants (i) failed to compensate him at required overtime rates under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Law Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq*; and (ii) breached public works contracts by failing to pay Plaintiff prevailing wages for all public works labor performed. These claims fail as a matter of law.

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

First, Plaintiff has failed to produce one shred of evidence to support his federal overtime claim. Plaintiff's wanting allegations are made incredible by the documents and evidence procured during the pendency of this matter, which undoubtedly show that Plaintiff was correctly paid overtime for all hours worked over forty during the entire federal statute of limitations period. Specifically, Defendants have produced thousands of documents in this action--payroll records, pay stubs, wage statements, check records and time sheets—which all irrefutably show that Defendant's properly recorded the hours Plaintiff worked and paid him on an hourly basis, with an overtime rate of 1.5 times his regular hourly rate. Moreover, Defendants anticipate annexing a significant number of affidavits, attested to by Plaintiff's former co-workers, corroborating the hours worked and pay received as set forth within the records. Plaintiff's fanciful allegations, disproven by documentary and testimonial evidence, are insufficient to survive a motion for summary judgment. *Garnica v. Edwards*, 72 F. Supp. 3d 411, 416 (S.D.N.Y. 2014) ("[t]o survive summary judgment, a Plaintiff must provide 'some hard evidence showing that [her] version of events is not wholly fanciful,' as 'conclusory allegations or unsubstantiated speculation' are insufficient")(internal citations omitted). [1]

Likewise, Plaintiff's claim that he was not paid prevailing wages for public works projects is baseless and contradicted by the record. In this regard, Defendants have produced time sheets, payroll records, and cashed checks issued by Defendants' third party bank (*signed by Plaintiff*)[2], demonstrating that Plaintiff was paid at the prevailing wage rate for the few public works jobs that he worked on. Simply put, each and every document produced in this action has utterly contradicted Plaintiff's self-serving allegations. As such, it is respectfully submitted that Plaintiff's complaint should be dismissed in its entirety.

Thank you in advance for your time and attention to this matter.

> Respectfully submitted,
>
> RIVKIN RADLER LLP
>
> *Counsel for Defendants*
>
> _____/s/_____
> John K. Diviney

---

[1] It is respectfully submitted that the Court should dismiss Plaintiff's FLSA claim, and thereafter decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Yang Li v. Ya Yi Cheng*, No. 10-CV-4664, 2012 WL 1004852, at *6 (E.D.N.Y. Mar. 23, 2012)(dismissing Plaintiff's FLSA claim, and in turn, declining to exercise supplemental jurisdiction over state claims).

[2] Of significant import, prior to Defendants' production of the signed checks, Plaintiff testified during his deposition that he never received the prevailing wage pay checks. This is one example, out of many, wherein Plaintiff's claims are undermined by the clear evidence.

To:  All Parties via ECF