UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADOLIO ANTONIO EZPINO, on behalf of himself and          Docket No.:
similarly situated employees,                            14-cv-03173(DRH)(SIL)

Plaintiffs,

-against-

CDL UNDERGROUND SPECIALISTS, INC. d/b/a CDL
UNDERGROUND UTILITIES, and CHRISTOPHER
ABRUZZO,

Defendants.
------------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE

### I.      PRELIMINARY STATEMENT

Plaintiff Adolio Antonio Ezpino ("Plaintiff") and Defendants CDL Underground Specialists, Inc. d/b/a CDL Underground Utilities ("CDL") and Christopher Abruzzo ("Mr. Abruzzo") (collectively, "Defendants") respectfully seek approval of the terms of the parties' Agreement and General Release ("Settlement Agreement"). The Settlement Agreement resolves Plaintiffs' claims asserted against Defendants, including those claims under the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.* ("FLSA"). A fully executed Settlement Agreement is annexed hereto as Exhibit "A" for the Court's review and approval. The parties respectfully request that if the terms of the Settlement Agreement meet with the Court's approval, that the Court dismiss this action in its entirety with prejudice.

### II.     BACKGROUND

Plaintiff, a former employee of CDL, commenced the instant action on or around May 21, 2014 by filing a Collective Class Action Complaint (the "Complaint"). Although the

Complaint is identified as a "Collective and Class Action Complaint," the one opt-in Plaintiff was dismissed from the litigation at his request.

The Complaint sets forth three causes of action against Defendants: (i) failure to pay overtime in violation of the FLSA; (ii) failure to pay overtime in violation of the New York Labor Law ("NYLL"); and (iii) breach of contract as a third party beneficiary.

On or around October 28, 2016, Defendants served Plaintiff with an Offer of Judgment (the "Offer") pursuant to Fed. R. Civ. P. 68 offering to allow judgment to be taken against Defendants in the amount of $50,000.00, inclusive of any and all awardable attorneys' fees and costs. By email dated December 7, 2016, Plaintiff's counsel advised Defendants' counsel that Plaintiff accepted Defendants' Offer.

Subsequently, the parties executed the Settlement Agreement, and the instant motion ensued.

## III.   THE SETTLEMENT IS FAIR AND REASONABLE

### A.   Back Wages and Liquidated Damages

The Second Circuit's recent decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the District Court or the Department of Labor. Id.

The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as a Rule 23 settlement. Clark v. Ecolab, Inc., 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010) (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Pavon v. Daniel's Bagel Corp., 2016 WL 3960555, at *1 (S.D.N.Y. July 12,

2016) (citation and quotation marks omitted).  Further, "if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Kochilas v. Nt'l Merchant Servs., Inc., 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

Here, Defendants vigorously contest the alleged owed overtime compensation claimed by Plaintiff.  Nevertheless, as both parties were desirous of avoiding continuing litigation costs, Defendants offered to pay Plaintiff $50,000.00, which includes liquidated damages, in full and final settlement of Plaintiff's claims.  Thus, in reaching a settlement, the parties were able to come to a fair compromise over issues that were contested.  Low v. Tian Yu Inc., 2016 WL 1444725, at *1 (S.D.N.Y. Mar. 31, 2016) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (citation and quotation marks omitted).

The Settlement Agreement does not contain a confidentiality provision nor does it contain a non-disparagement clause.  See Santos v. Yellowstone Properties, Inc., 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016).

Further, the release under Paragraph 1(a) of the Settlement Agreement is narrowly tailored to specific claims relating to Plaintiff's employment and claims specifically raised by Plaintiff in this action, such as claims under the FLSA, NYLL, and Plaintiff's breach of contract claim.  Id. ("The FLSA Settlement Agreements contain releases that are narrowly tailored to plaintiffs' wage and hour claims.")

Considering Plaintiff's potential full recovery, Defendants' potential defenses, and the risk and costs that are avoided by early settlement, Plaintiff's recovery is reasonable. See Reyes v. Buddha-Bar NYC, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA

settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

### B.      Attorneys' Fees

The agreed upon settlement amount is inclusive of attorneys' fees and costs. It is respectfully submitted that the attorneys' fees and costs set forth in the Settlement Agreement are fair and reasonable given the amount of time spent by Plaintiff's counsel in litigating this matter and the tasks performed to achieve a settlement that fully satisfies Plaintiff. Plaintiff's counsel, Neil M. Frank, Esq. charged Plaintiff a contingent rate of one-third (1/3), which severely fails to compensate for the time expended in litigating this matter. Mr. Frank and associates of Frank & Associates, P.C. expended more than 129 hours in the instant case. Mr. Frank and his staff billed each hour of work on his firm's time keeping system within a short time of performing such work. The work that Mr. Frank and his staff billed in this case includes, but is not limited to, in person meetings with Plaintiff, telephone conferences with Plaintiff and/or Defendants' counsel, participating in mediation, drafting and filing a Complaint, drafting discovery demands, responding to discovery demands, reviewing records in Plaintiff's possession, reviewing Defendants' responses to Plaintiff's discovery demands, and preparing the instant motion.

### IV.      CONCLUSION

No party has admitted to any wrongdoing and the parties are desirous of not incurring any further costs and expenses in this case. Thus, the parties respectfully request that this Court approve the Settlement Agreement and dismiss the instant action with prejudice.

Dated: Uniondale, New York
       January 19, 2017

                                     RIVKIN RADLER LLP

                                     John K. Diviney, Esq.
                                     Michelle A. Bholan, Esq.
                                     926 RXR Plaza
                                     Uniondale, New York 11556
                                     Tel:    (516) 357-3000
                                     Fax:   (516) 357-3333

                                     *Attorneys for Defendants*

                                   FRANK & ASSOCIATES, P.C.

                                   Neil M. Frank, Esq.
                                   500 Bi-County Blvd., Suite 465
                                   Farmingdale, New York 11735
                                   Tel:    (631) 756-0400
                                   Fax:   (631) 756-0547

                                   *Attorneys for Plaintiff*

3559891 v1