UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ADOLIO ANTONIO EZPINO, on behalf of
himself and all those similarly situated
employees,

                         Plaintiff,

      -against-
                                              **REPORT AND**
                                              **RECOMMENDATION**
                                              14-CV-3173 (DRH) (SIL)

CDL UNDERGROUND SPECIALISTS, INC.
d/b/a CDL UNDERGROUND UTILITIES,
and CHRISTOPHER ABRUZZO,

                        Defendants.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge,**

      Presently before the Court in this wage and hour action, on referral from the Honorable Dennis R. Hurley for Report and Recommendation, is the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice of Claims. *See* Docket Entry ("DE") [48]. Plaintiff commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and New York Labor Law ("NYLL") §§ 160, 195, 652 and related regulations, alleging claims based on Defendants' failure to pay the statutorily required minimum and overtime wages. A hearing on the instant motion was held in Court on March 30, 2017. Subsequent to the motion hearing, the parties submitted a revised settlement agreement. *See* DE [51- 1]. For the reasons set forth herein, the Court respectfully recommends that the joint motion for approval of the parties' settlement be granted and the revised settlement agreement be approved.

## I. Discussion

The terms of the proposed revised settlement, *see* DE [51-1], that are relevant to the Court's analysis are the amount of the settlement and the release language. The amount of the settlement represents full compensation for all wages allegedly owed and liquidated damages in the total amount of $50,000.00, including $20,000.00 in attorneys' fees and costs. See Revised Settlement Agreement, DE [51-1], § 1(d)(iii).

The release language provides that Plaintiff:

> . . . [R]eleases and discharges all claims against Defendants, their officers, agents, legal representatives, predecessors, successors, assigns, trustees, administrators, heirs, executors and insurers (collectively referred to as "RELEASEES") from all actions, causes of action, and suits, against the RELEASEES, which Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have ~~or hereinafter can, shall, or may have~~, arising out of his employment with CDL limited and related to ~~up to and including the date of the complete execution of this Agreement; this release also includes~~ claims for unpaid wages and overtime arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b); claims for unpaid wages and overtime arising under the New York Labor Law, Article 19 and 12 N.Y.C.R.R. Part 142; claims for breach of any public works contracts; claims for attorneys' fees and costs; and/or the negotiation and/or execution of this Agreement.[1]

*See id.*, § 1(a).

The Court's analysis as to whether to approve the parties' settlement agreement is two-fold. Initially, the Court considers whether the agreement satisfies the standards summarized in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332

---

[1] The revised settlement agreement, as indicated in the above quote, contains a portion that is struck through by hand. The original settlement agreement contained the above quoted passage, but did not have any portion struck through by hand. As such, the Court construes the struck through portions as deletions, and does not consider the struck through text as part of the revised settlement agreement.

(S.D.N.Y. 2012). Then, if those standards are met, the Court considers whether the agreement complies with the Second Circuit's admonitions as articulated in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

### A. The *Wolinsky* Factors

The first step in the analysis is considering the parties' agreement with respect to the various factors set forth in *Wolinsky*, including: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted) (citing *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010); *Alleyne v. Time Moving & Storage, Inc.*, 264 F.R.D. 41, 54 (E.D.N.Y. 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). These factors should be considered in light of the totality of the circumstances. *Id.* Other considerations that might militate against approval include: (1) the presence of other employees similarly situated to the claimant; (2) a likelihood that the circumstances will recur; (3) a history of non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue in dispute. *See id.* (citing *Dees*, 706 F. Supp. 2d at 1244). Other courts in this circuit have stated the factors somewhat differently. *See, e.g.*, *Najera v. Royal*

3

*Bedding Co., LLC*, No. 13-cv-1767 (NGG), 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015). In *Najera*, Judge Garaufis articulated the relevant considerations as: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and amount of discovery completed; (3) the risk of establishing liability; (4) the risk of establishing damages; (5) the ability of defendants to withstand a judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation. *Id.* (collecting cases and approving the settlement agreement).

However stated, the parties' proposed settlement agreement satisfies these standards. In sum, the settlement amount, assuming that the finder of fact accepted Plaintiff's version of events in total, reflects full relief for compensatory and statutory damages and includes liquidated damages. *See* Memorandum in Support of Motion for Settlement Approval of a Fair Labor Standards Act Case ("Settlement Memo"), DE [48-1]at 3 ("Defendants offered to pay Plaintiff $50,000.00, which includes liquidated damages, in full and final settlement of Plaintiff's claims."). The mediated settlement negotiations, *see* DE [44] (confirming the selection and schedule of the action's mediation sessions), and contested nature of the litigation, are evidence of arm's length bargaining between experienced counsel, with no possibility of fraud or collusion. *See Low v. Tian Yu, Inc.*, 2016 WL 1444725, at *1 (S.D.N.Y. Mar. 31, 2016) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (internal citation and quotations omitted). With respect to the remaining factors, none of them militate

4

against approval of the settlement. Accordingly, the *Wolinsky* factors are satisfied and the remaining issue is whether the parties' agreement complies with the Second Circuit's admonitions set forth in *Cheeks*.

### B. *Cheeks* Admonitions

In *Cheeks*, the Second Circuit held that under the FLSA, parties cannot enter into a private settlement agreement and stipulate to dismissal of their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without approval of the Court or the United States Department of Labor. *Cheeks*, 796 F.3d at 200. In reaching its conclusion, the Second Circuit recognized certain guideposts for the district courts to consider with respect to private settlements of FLSA claims that demonstrated a "potential for abuse" under the statute. Particularly relevant here, the Court in *Cheeks* stated:

> Examining the basis on which district courts recently rejected several proposed FLSA settlements highlights the potential for abuse in such settlements, and underscores why judicial approval in the FLSA setting is necessary. In *Nights of Cabiria*, the proposed settlement agreement included (1) "a battery of highly restrictive confidentiality provisions . . . in strong tension with the remedial purposes of the FLSA;" (2) an overbroad release that would "waive practically any possible claim against the defendants, including unknown claim and claims that have no relationship whatsoever to wage-and-hour issues;" and (3) a provision that would set the fee for plaintiff's attorney . . . without adequate documentation.

*Id.* at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 175 (S.D.N.Y. 2015)).

Applying the Second Circuit's language above, the Court recommends that the parties' joint motion for approval of the settlement agreement be granted. First, the settlement agreement does not contain a confidentiality provision nor does it contain

a non-disparagement clause. *Id.*; *see also Nights of Cabiria*, 2015 WL 1455689, at \*2, \*5 (rejecting confidentiality provisions that precluded plaintiff from speaking with anyone about the settlement other than his immediate family, financial advisors and attorneys or in response to compulsory legal process).

In addition, the revised release language set forth in the agreement avoids the type of language that the Second Circuit has characterized as "overbroad." *See Cheeks*, 796 F.3d at 206. Specifically, the parties' release language here is limited to causes of action "related to claims for unpaid wages and overtime arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b) [and] claims for unpaid wages and overtime arising under the New York Labor Law, Article 19 and 12 N.Y.C.R.R. Part 142 . . ." *See* Revised Settlement Agreement, § 1(a); *cf. Cheeks*, 796 F.3d at 206; *see also Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 WL 129723, at \*1 (S.D.N.Y. Jan. 9, 2015) (holding that FLSA settlement agreements cannot waive "practically any possible claim against the defendants"); *Mahalick*, 2015 WL 3400918, at \*2 ("'[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA.'") (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Further, the agreement accounts for the full range of potential recovery and avoids further burdens and expenses for both sides. The revised settlement amount is also inclusive of reasonable attorneys' fees. *Id.* at ¶¶ 17-20. "A one-third contingency fee is a commonly accepted fee in this Circuit." *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126, 2014 WL 6621081, at \*3 (E.D.N.Y. Nov. 21, 2014) (citing *Rangel v. 639 Grand St. Meat &*

*Produce Corp.*, No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)). Here, Plaintiff's counsel, Neil M. Frank, Esq. charged Plaintiff a contingent rate of one-third for any amount recovered. *See* Settlement Memo, at 3. Accordingly, the parties' agreement complies with the Second Circuit's admonitions set forth in *Cheeks*, and the parties' motion for approval of the revised settlement agreement should be granted.

## II. Conclusion

For these reasons, it is respectfully recommended that the parties' joint motion for approval of their revised settlement agreement be granted.

## III. Objections

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           June 30, 2017

                                    SO ORDERED

                                    s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge